IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE LAMONT CROMWELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH FICHTER, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 21 – 175<br><br>District Judge Joy Flowers Coni<br>Magistrate Judge Lisa Pupo Lenihan |

**MEMORANDUM OPINION**

Currently pending before the court is a Motion for Leave to Proceed *in forma pauperis* that was filed on February 4, 2021 by Plaintiff Andre Lamont Cromwell ("Plaintiff" or "Cromwell") (ECF No. 1.) The Motion was referred to a United States Magistrate Judge in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. On February 9, 2021, the magistrate judge filed a Report and Recommendation ("R&R") wherein she recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice until such time that Plaintiff pays the full $402.00 filing fee. (ECF No. 4.)

Plaintiff was served with the R&R. On February 26, 2021, Cromwell mailed to the court a document entitled "Motion for Leave to Proceed *in forma pauperis* Because Plaintiff was in Imminent Danger of Serious Physical Injury at the Time he Filed the Complaint." The motion was docketed on March 3, 2021 (ECF No. 7.) On March 9, 2021, Cromwell submitted a response to the court's order granting an extension of time, in which he explained that he mailed

1

his objections to the R&R on February 26, 2021 (ECF No. 8).  In accordance with Cromwell's explanation, the "Motion" filed at ECF #7 is hereby construed as timely written objections to the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this court must now make a *de novo* determination of those portions of the R&R to which objections were made.  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The court may also recommit the matter to the magistrate judge with instructions.

Legal Analysis

The magistrate judge explained that Cromwell accumulated "at least" three strikes because his complaints at *Cromwell v. Emery,* Civil Action No. 99-522, *Cromwell v. Manfredi, et al.*, Civil Action No. 08-1048, and *Cromwell v. Hancock, et al.*, Civil Action No. 11-68, were each dismissed as frivolous, malicious, or for failure to state a claim (ECF No. 4 at 2-3).  The magistrate judge explained that Cromwell failed to satisfy the exception to the three-strikes rule by alleging that he was in "imminent danger of serious physical injury" because the allegations in his proposed complaint involve past conduct in connection with his arrest on January 16, 2019.  *Id.*

In his objections, Cromwell contends that he does not have three strikes.  Cromwell argues that his civil action against Emory (i.e., No. 99-522) was withdrawn in 2014 or 2015 and an unspecified complaint against John Doe was also withdrawn by him in 2014 or 2015 (ECF No. 7 at 2-3).  Upon review, the court concludes that whether the "three-strikes rule" at 28 U.S.C. § 1915(g) applies will depend on the outcome of *Talley v. Wetzel*, Case No. 19-3055, which is currently under consideration by the United States Court of Appeals for the Third

Circuit. For the reasons set forth below, the court will remand this case to the magistrate judge for further proceedings based upon the outcome of the *Talley v. Wetzel* decision.

In *Washington v. Gilmore*, 825 F. App'x 58 (3d Cir. Sept. 9, 2020), the Court of Appeals for the Third Circuit explained that a strike will accrue only if the "entire action" is dismissed explicitly because it is frivolous, malicious or fails to state a claim, or is dismissed pursuant to a statutory provision that is limited to dismissal for such reasons. *Id.* at 59-60. As the magistrate judge correctly recognized, federal courts may take judicial notice of court records and docket information. *DiNicola v. DiPaolo*, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996).

This court independently examined the dockets and concludes that Cromwell clearly accrued two strikes. Civil Action No. 99-522 was dismissed in its entirety as frivolous on May 18, 1999 (ECF No. 6). There is no support for Cromwell's contention that he withdrew Civil Action No. 99-522 in 2014 or 2015. Civil Action No. 08-1048 was dismissed in its entirety for failure to state a claim <u>and</u> pursuant to the screening provisions of the Prison Litigation Reform Act (ECF No. 130, adopting R & R at ECF No. 128). *See* ECF No. 134-1 (Third Circuit Court of Appeals' Opinion of March 11, 2011, affirming dismissal of second amended complaint with prejudice). Cromwell did not challenge Civil Action No. 08-1048 as a strike.

It is not clear whether Civil Action No. 11-68 would count as the third strike. The federal claims in Civil Action No. 11-68 were dismissed for failure to state a claim on February 13, 2014 (ECF No. 72). Cromwell's state law claims, however, were dismissed without prejudice to refile in the state court. *Id.* In the accompanying opinion, the court explained that it was exercising its discretion to decline jurisdiction over the state law claims (ECF No. 71 at 3).

In *Harris v. Harris*, 935 F.3d 670 (9th Cir. 2019), the Court of Appeals for the Ninth Circuit held that this kind of dismissal does not count as a strike:

3

> Dismissal based on a district court's decision not to exercise supplemental jurisdiction is not an enumerated ground under § 1915(g). As then-Judge Kavanaugh explained, "[w]hen a district court has declined to exercise supplemental jurisdiction over state-law claims, the court has not dismissed the state-law claims for failure to state a claim, nor has the court dismissed the state-law claims as frivolous or malicious." *Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1152 (D.C. Cir. 2017). Because the language of § 1915(g) is plain and unambiguous, a dismissal on a ground other than frivolousness, maliciousness, or failure to state a claim will not qualify as a strike. *See id.* at 1151–52.

*Id.* at 674.  "[P]artial dismissals of even one claim for a non-qualifying reason will save an entire case from constituting a strike." *Id.*  The *Harris* court rejected the invitation to treat the case as a strike on the policy ground that "a prisoner can easily 'strike-proof' a meritless lawsuit by adding state-law claims, knowing that federal courts are unlikely to expend limited resources to exercise supplemental jurisdiction over such claims." *Id.*

There is no Third Circuit Court of Appeals decision directly on point.  In *Talley v. Wetzel*, No. 19-3055, however, the court appointed amicus counsel to address the specific issue:

> whether a strike accrues where a district court dismisses a prisoner's federal claims on one or more grounds covered by Section 1915(g) but declines to exercise supplemental jurisdiction over the prisoner's state-law claims. *Compare, e.g., Harris v. Harris*, 935 F. 3d 670, 674 (9th Cir. 2019), with *Luedtke v. Bertrand*, 32 F.Supp. 2d 1074, 1076 n.1 (E.D. Wis. 1999).

The decision in *Talley v. Wetzel* will likely control whether or not Civil Action No. 11-68 will count as Cromwell's third strike.  At this time, it appears premature to dismiss Cromwell's motion to proceed *in forma pauperis*.

Because it is unclear whether the "three-strikes rule" will apply (at least based upon the strikes identified by the magistrate judge)[1], the court need not reach the magistrate judge's

---

[1] The magistrate judge stated in the R & R that Cromwell accrued "at least three strikes."  (ECF No. 4 at 3).  The court is aware that Cromwell filed other actions, but expresses no opinion about whether any of those actions may constitute the third strike.  The magistrate judge may examine those actions to determine whether there is an applicable third strike, other than Civil Action No. 11-68, and, if there are three strikes, submit another report and recommendation without waiting for the decision in *Talley v. Wetzel* to be issued.

determination about whether an exception to the "three-strikes rule" applies, i.e., that Cromwell failed to allege imminent danger of serious physical injury.

Conclusion

In sum, Cromwell's objections to the R&R concerning the "three-strikes rule" will be taken under advisement, albeit for reasons other than those advanced by Cromwell. The matter will be returned to the magistrate judge for further proceedings in accordance with this decision and the Third Circuit Court of Appeals' decision in *Talley v. Wetzel*. The court reserves decision on the motion to proceed *in forma pauperis*.

An appropriate Order will be entered.

DATED: April 8, 2021                                By the Court:

                                                    _s/ Joy Flowers Conti
                                                    Joy Flowers Conti
                                                    Senior United States District Judge


Cc:   Andre Lamont Cromwell, LL4349
      SCI Fayette
      50 Overlook Drive
      LaBelle, PA  15450