IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE LAMONT CROMWELL, )<br> )<br>  Plaintiff, )<br> )<br>  v. )<br> )<br> JOSEPH FICHTER, *et al.*, )<br> )<br>  Defendants. ) | Civil Action No. 21 – 175<br><br>District Judge Joy Flowers Coni<br>Magistrate Judge Lisa Pupo Lenihan |

### MEMORANDUM OPINION

Pending before the court is a Motion for Reconsideration of the court's Order entered on April 8, 2021, and Motion to Clarify the Record filed by Plaintiff Andre LaMont Cromwell ("Plaintiff" or "Cromwell") (ECF No. 12). It appears that Plaintiff requests the court to clarify the record with respect to certain documents he filed and seeks reconsideration of the court's finding that he was not in imminent danger of serious physical injury at the time he filed his Complaint in this case.

First, Plaintiff seeks to know what happened with his request for an extension of time to file his complaint that he mailed on January 6, 2021. Plaintiff is notified that a document titled Motion Requesting an Extension of Time to File Stand Alone Claims appears on the docket in the instant case at ECF No. 5. Even though the document is dated January 6, 2021, and postmarked January 7, 2021, the document was not received and filed by the court until February 22, 2021.[1] Because the document was received by the court *after* Plaintiff's Complaint was received and filed on February 4, 2021, and after the magistrate judge issued her Report and

---

[1] The court notes that it has recently observed significant mail delays.

Recommendation on February 8, 2021, the document was mistakenly construed as a motion for extension of time to file objections to the Report and Recommendation. See ECF No. 6. The court now finds and will note for the record that Plaintiff's motion was actually requesting an extension of time to file his complaint, and, for purposes of the prison mailbox rule, the motion for extension of time will be deemed filed on January 6, 2021. However, because Plaintiff's Complaint has been received by the court, pending disposition of Plaintiff's in forma pauperis motion (ECF No. 1-1), the motion for extension of time to file the complaint is now moot.

Second, Plaintiff seeks to know why his notice of change of address was docketed in No. 2:13-cv-1664 instead of in the instant case. Plaintiff is notified that his notice of change of address was docketed in No. 2:13-cv-1664 because at the time it was received by the court, on January 29, 2021, the instant case did not exist because the court had not yet received Plaintiff's Motion Requesting an Extension of Time to File Stand Alone Claims, which as previously noted was received and filed on February 22, 2021, or his Motion for Leave to Proceed *in forma pauperis* and accompanying Complaint, which were received and filed on February 4, 2021. Accordingly, the Clerk of Court docketed Plaintiff's notice of change of address in his last filed case, which was 2:13-cv-1664. Plaintiff's address at SCI Fayette is of record in this case.

Finally, it appears that Plaintiff motions this court to reconsider its Order dated April 8, 2021, and specifically the finding that he was not in imminent danger of serious physical injury at the time he filed his Complaint. Plaintiff is informed that the court made no finding about whether the magistrate judge was correct in recommending that he was not in imminent danger of serious physical injury,[2] an exception to the "three-strikes rule," since it is currently unclear

---

[2] In the Report and Recommendation, the magistrate judge found that Plaintiff's allegations did not indicate that he was in imminent danger of serious physical injury. *See* ECF No. 4.

whether the "three-strikes rule" even applies in this case. Indeed, Plaintiff was informed in this court's Order dated April 8, 2021, that whether Plaintiff has three-strikes will depend on the outcome of *Talley v. Wetzel*, a case currently pending before the Third Circuit Court of Appeals. Notwithstanding, the court notes that Plaintiff's allegations about imminent danger of serious physical injury, specifically those related to the Covid-19 virus, do not appear to relate to any legal claims asserted in his Complaint and, therefore, cannot be the basis on which the exception to the "three-strikes rule" found in 28 U.S.C. § 1915(g) may be satisfied. *See*, *e.g.*, Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009) ("there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."); Massey v. Fischer, Nos. 08 Civ. 6098 & 09 Civ. 5911, 2010 WL 234999, at *4 (S.D.N.Y. Jan. 19, 2010) ("Plaintiff fails to plead any 'nexus between the imminent danger' that is 'fairly traceable to unlawful conduct asserted in the complaint[s].'") (quoting Pettus, 554 F.3d at 298-99) (emphasis deleted); Talbert v. PA State Corr. Officer, Assoc., No. CV 3:20-1154, 2021 WL 963454, at *4 (M.D. Pa. Mar. 15, 2021) (risk of contracting COVID-19 while incarcerated was completely unrelated to the allegations contained in Plaintiff's complaint, thus negating any nexus between the allegations in the complaint and Plaintiff's claim of "imminent danger").

    An appropriate order will be entered.

    Dated:  April 21, 2021                              By the Court:

                                                                             _s/ Joy Flowers Conti_____
                                                                             Joy Flowers Conti
                                                                             United States District Judge

Cc:    Andre Lamont Cromwell
        LL4349
        SCI Fayette
        50 Overlook Drive
        LaBelle, PA  15450